UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

| UNITED STATES OF AMERICA, | |
|---|---|
| v. | Appeal No. 25-3573 |
| LAMONICA MCIVER,<br>      Appellant. | |

**MOTION TO DISMISS PART OF THIS APPEAL.**

    The United States hereby moves to dismiss part of this interlocutory appeal for lack of appellate jurisdiction. The United States respectfully requests that this Court act expeditiously on this motion once it is fully briefed, so that the remainder of this appeal and Appeal No. 26-1122 can be briefed in time to assign the consolidated appeals to a merits panel sitting in June 2026.

    1.    This appeal is from an order of the District Court (Hon. Jamel K. Semper, U.S.D.J.) denying Defendant Congresswoman LaMonica McIver's motions to dismiss her Indictment on the grounds of (1) selective enforcement and prosecution and vindictive prosecution and (2) Speech and Debate Clause and legislative immunity grounds. *See United States v. McIver*, No. 25-cr-388 (D.N.J.), Docket Entry ("DE") 45. This Court lacks jurisdiction to review the former. *See United States v. Hollywood Motor Car Co.*, 458 U.S. 263 (1982) (per curiam). Although this Court does have jurisdiction to review at least the Speech and Debate Clause aspect of the latter, the Congresswoman cannot use that as basis to obtain review of the otherwise unappealable aspect of Judge

Semper's order. Nor would mandamus relief be appropriate. So this Court should dismiss this appeal in part.

2. Congresswoman McIver stands charged in a three-count Indictment with assaulting federal officers at an immigration detention facility in Newark, New Jersey, on May 8, 2025. DE12. She moved to dismiss the Indictment on the grounds that she was immune from prosecution under both the Speech and Debate Clause and a broader, separation-of-powers-based theory of legislative immunity (the "Legislative Immunity Motion"). DE19. She also moved to dismiss the Indictment on the grounds that it resulted from selective enforcement and selective and vindictive prosecution (the "Selective and Vindictive Prosecution Motion"). DE20.

3. Judge Semper denied the motions in two orders with accompanying opinions. DE44–45, 63–64. The first order denied the Legislative Immunity Motion as to two counts of the three-count Indictment and denied the Selective and Vindictive Prosecution Motion in full. DE45. The second order denied the remainder of the Legislative Immunity Motion. DE64. Congresswoman McIver timely appealed both orders. DE49, 60, 67.

4. "Federal courts are courts of limited jurisdiction" and "possess only that power authorized by Constitution and statute." *Cardona v. Bledsoe*, 681 F.3d 533, 535 (3d Cir. 2012) (quoting *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994)). This Court's appellate jurisdiction is normally limited to "final decisions of the district courts of the United States." 28 U.S.C.

§ 1291. "This final judgment rule requires that a party must ordinarily raise all claims of error in a single appeal following final judgment on the merits. In a criminal case the rule prohibits appellate review until conviction and imposition of sentence." *Flanagan v. United States*, 465 U.S. 259, 263 (1984) (cleaned up).

5. The final judgment rule "helps preserve the respect due trial judges by minimizing appellate-court interference with the numerous decisions they must make in the pre-judgment stages of litigation," "reduces the ability of litigants to harass opponents and to clog the courts through a succession of costly and time-consuming appeals," and "is crucial to the efficient administration of justice." *Id.* at 263–64 (cleaned up). The Supreme Court has said that "this policy is at its strongest in the field of criminal law," as the reasons for the final judgment rule are "especially compelling in the administration of criminal justice." *Cobbledick v. United States*, 309 U.S. 323, 325 (1940). "Promptness in bringing a criminal case to trial has become increasingly important as crime has increased, court dockets have swelled, and detention facilities have become overcrowded." *Flanagan*, 465 U.S. at 264. So the policy of Congress embodied in § 1291 "is inimical to piecemeal appellate review of trial court decisions which do not terminate the litigation." *Hollywood Motor Car Co.*, 458 U.S. at 265.

6. The importance of the final judgment rule has led the Supreme Court to permit departures from it "only when observance of it would

practically defeat the right to any review at all," *Cobbledick*, 309 U.S. at 324–25 (footnote omitted)—that is, only for the limited category of cases falling within the collateral order exception delineated in *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541 (1949). *See Flanagan*, 465 U.S. at 265. To come within this "narrow exception," *Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 374 (1981), the order must satisfy at least three conditions: "it must conclusively determine the disputed question, resolve an important issue completely separate from the merits of the action, and be effectively unreviewable on appeal from a final judgment," *Lauro Lines S.R.L. v. Chasser*, 490 U.S. 495, 498 (1989) (cleaned up).

7. The Supreme Court has "interpreted the collateral order exception with the utmost strictness in criminal cases." *Midland Asphalt Corp. v. United States*, 489 U.S. 794, 799 (1989) (cleaned up). The Court has allowed only five kinds of interlocutory appeals in criminal cases: (1) bail orders, *Stack v. Boyle*, 342 U.S. 1, 4 (1951); (2) denial of a non-frivolous motion to bar trial based on a claimed violation of double jeopardy, *Abney v. United States*, 431 U.S. 651, 659–60 (1977); (3) denial of a motion to bar prosecution based on a claimed violation of the Speech or Debate Clause of the Constitution, *Helstoski v. Meanor*, 442 U.S. 500, 507–08 (1979); (4) an order compelling the defendant to submit to forced medication to restore competency to stand trial, *Sell v. United States*, 539 U.S. 166, 176–77 (2003); and (5) a motion to bar trial based on a claim of Presidential immunity, *see Trump v. United States*, 603 U.S. 593 (2024).

8. Even more importantly for purposes of this appeal, the Supreme Court has held that the denial of a motion to dismiss an indictment because of prosecutorial vindictiveness cannot be appealed on an interlocutory basis. *Hollywood Motor Car Co.*, 458 U.S. at 268–70. Such a claim "particularly fails the third part of the test for *Cohen* appeals": "that the claim be effectively unreviewable on appeal from a final judgment." *Id.* at 267. That "holding reflects the crucial distinction between a right not to be tried and a right whose remedy requires the dismissal of charges." *Id.* at 269. "The former necessarily falls into the category of rights that can be enjoyed only if vindicated prior to trial. The latter does not." *Id.* Just like the prosecutorial vindictiveness claim in *Hollywood Motor Car Co.*, the rights Congresswoman McIver asserts in the Selective and Vindictive Prosecution Motion are "simply not one[s] that must be upheld prior to trial if" they are "to be enjoyed at all." *Id.* at 270; *see United States v. Butterworth*, 693 F.2d 99, 101 (9th Cir. 1982) ("Selective prosecution claims similarly are not premised upon the right not to be tried."); *United States v. Biden*, No. 24-1703, 2024 WL 4541448, at *2 (3d Cir. May 9, 2023) (per curiam) (dismissing interlocutory appeal of a claim "more analogous" to "claims of vindictive and selective prosecution").

9. Nor can Congresswoman McIver circumvent *Hollywood Motor Car Co.* by invoking any supposed First Amendment "'right not to be tried.'" *United States v. Ambort*, 193 F.3d 1169, 1171 (10th Cir. 1999) (distinguishing *United States v. P.H.E., Inc.*, 965 F.2d 848 (10th Cir. 1992)). "Defendants have

– 5 –

the burden of establishing the legal and factual basis for such a right." *Id.* That's because "§ 1291 requires courts of appeals to view claims of a 'right not to be tried' with skepticism, if not a jaundiced eye." *Digital Equip. Corp. v. Desktop Direct, Inc.*, 511 U.S. 863, 873 (1994). "A right not to be tried in the sense relevant to the *Cohen* exception" usually "rests upon an explicit statutory or constitutional guarantee that trial will not occur"—such as in the Double Jeopardy Clause or the Speech or Debate Clause. *Midland Asphalt Corp.*, 489 U.S. at 801. "Nowhere in the Constitution or laws of the United States is there an 'explicit statutory or constitutional guarantee' of a right not to be tried for ordinary speech, even if otherwise protected by the First Amendment." *Ambort*, 193 F.3d at 1171. Nor is the First Amendment a license for violence.

10. Congresswoman McIver cannot invoke the pendent appellate jurisdiction doctrine to piggy-back the denial of her Selective and Vindictive Prosecution Motion on the denial of her Legislative Immunity Motion, which is at least in part immediately appealable under *Helstoski*, to have this Court decide issues it otherwise would lack jurisdiction to reach. The only exception is for otherwise unappealable orders whose merits are "inextricably intertwined" with the merits of the order the defendant is appealing, such that review of the former "is necessary to ensure meaningful review of" the latter. *Clinton v. Jones*, 520 U.S. 681, 707 n.41 (1995) (cleaned up). "This exception, it must be emphasized, is an exercise of discretion by a Court of Appeals and should be used sparingly." *United States v. Spears*, 859 F.2d 284, 287 (3d Cir.

1988); *see United States v. Brace*, 1 F.4th 137, 142 (3d Cir. 2021) ("Even then, we use pendent jurisdiction sparingly: review must be necessary, and we may use our discretion to decide what to reach.").

11.     "[T]he pendent appellate jurisdiction standard is not satisfied when" this Court is "confronted with two similar, but independent, issues, and resolution of the non-appealable order would require" this Court "to conduct an inquiry that is distinct from and 'broader' than the inquiry required to resolve solely the issue over which" this Court "properly ha[s] appellate jurisdiction." *Reinig v. RBS Citizens, N.A.*, 912 F.3d 115, 130–31 (3d Cir. 2018) (cleaned up). "If the appealable order may be properly disposed of without venturing into otherwise nonreviewable matters," this Court has "no need—and therefore no power—to examine the nonreviewable order." *Id.* at 131 (cleaned up).

12.     Here, appellate review of the interlocutory order this Court indisputably has appellate jurisdiction to review now—whether the Speech and Debate Clause precludes Congresswoman McIver's prosecution for assaulting federal officers—does not even remotely, let alone "necessarily," resolve the entirely separate question whether dismissal of the Indictment is warranted for selective enforcement, selective prosecution or vindictive prosecution. Resolving the latter questions requires a vastly different inquiry than resolving the former. So to "afford" Congresswoman McIver the right to appeal the denial of her Selective and Vindictive Prosecution Motion "would have the

effect of giving" her "more protection" than "ordinary citizens raising similar claims enjoy." *United States v. Claiborne*, 727 F.2d 842, 849 (9th Cir. 1984).

13. Finally, mandamus relief is not available. *Hollywood Motor Car Co.* confirms that Congresswoman McIver can appeal on selective enforcement, selective prosecution or vindictive prosecution grounds if convicted, and mandamus may "not be used as a substitute for appeal." *United States v. Wexler*, 31 F.3d 117, 128 (3d Cir. 1994). Moreover, Congresswoman McIver cannot show "exceptional circumstances amounting to a judicial usurpation of power" or that her "right to issuance of the writ is clear and indisputable." *Will v. United States*, 389 U.S. 90, 95–96 (1967) (cleaned up).

Accordingly, the United States respectfully requests that this appeal be dismissed in part to preclude Congresswoman McIver from challenging at this stage of her prosecution the denial of the Selective and Vindictive Prosecution Motion. The United States greatly appreciates this Court's consideration.

Respectfully submitted,

TODD BLANCHE
U.S. DEPUTY ATTORNEY GENERAL

JORDAN FOX
CHIEF OF STAFF & DEPUTY ASSOCIATE
   ATTORNEY GENERAL
SPECIAL ATTORNEY

*/s/ Mark C. Coyne*
Mark E. Coyne
Supervisory Assistant U.S. Attorney
Chief, Appeals Division
(973) 297-2002

Dated: February 9, 2026

# CERTIFICATION OF COMPLIANCE AND SERVICE

I hereby certify that this filing complies with typeface, type style and length limits of Federal Rule of Appellate Procedure 27(d). The filing contains 1,882 countable words and was prepared using Microsoft Word for Microsoft 365 MSO's 14-point proportionally spaced Calisto MT typeface.

I further certify that this filing was prepared on a computer automatically protected by an updated version of Trellix Endpoint Security and no virus was detected.

I further certify that I caused a copy of this motion to be served, by the Notice of Docketing Activity generated by the Third Circuit's electronic filing system, on all counsel of record to the parties in this case.

                                             Mark E. Coyne
                                             Supervisory Assistant U.S. Attorney
                                             Chief, Appeals Division

Dated: February 9, 2026